```
1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  W.S. WILSON LEUNG (CABN 190939)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6758
7      FAX: (415) 436-6753

8  Attorneys for the United States of America
```

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No: CR-08-0565-WHA |
| v. | ) | |
| WALTER PALMA, | ) | NOTICE OF RELATED CASES IN A CRIMINAL ACTION |
| Defendant. | ) | |
| UNITED STATES OF AMERICA | ) | No: S2-CR-08-0730-WHA |
| v. | ) | |
| WALTER PALMA, et al., | ) | |
| Defendants. | ) | |

The United States now gives notice to the Clerk of the Court pursuant to Criminal Local Rule 8-1 that the above actions are related.

Under Rule 8-1, a criminal action is related to another pending criminal action when: (1) both actions concern one or more of the same defendants and the same alleged events or occurrences, or (2) both actions appear likely to entail substantial duplication of labor if heard by different judges, or might create conflicts or unnecessary expenses if conducted before different

judges. N.D. Cal. Crim. Local R. 8-1(b). Here, the cases meet both of these criteria.

The defendant is charged in CR-08-0565-WHA with being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5), arising from his possession of two .45-caliber handguns on or about August 11, 2008. The defendant is charged in S2-CR-08-0730-WHA with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), using or possession a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2, and other racketeering offenses arising from his membership in the transnational gang *La Mara Salvatrucha*. Both cases are assigned to Judge Alsup, and because the guns that form the core of the first case will be part of the proof in the second case, the cases should be formally consolidated for trial to avoid unnecessary duplication of effort and resources. See N.D. Cal. Crim. Local R. 8-1(b)(1).

For the reasons stated above, the United States believes that the two above-captioned cases should be formally consolidated. See N.D. Cal. Crim. Local R. 8-1 (c)(4).

DATED: March 13, 2009                Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


  /s/
W.S. Wilson Leung
Assistant United States Attorney

2