COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
225 Bush Street, Suite 1600
San Francisco, CA 94104
Direct: 415.439.8347
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
JUDITH SOSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 08-0730 WHA |
|---|---|
| Plaintiff, | |
| | DEFENDANT JUDITH SOSA'S RESPONSE TO GOVERNMENT'S NOTICE OF MOTION FOR PROTECTIVE ORDER |
| v. | |
| JUDITH SOSA, | Date:      June 24, 2009<br>Time:     2:00 p.m.<br>Location: Courtroom 9 |
| Defendant. | |
| | Before the Honorable William Alsup<br>United States District Judge |

By this pleading, defendant Judith Sosa, by and through her counsel, opposes the government's Notice of "Motion for Protective Order" and the [Proposed] Protective Order filed therewith. Clerk's Record ("CR") 324, 323.

On May 14, 2009, the government issued a Notice that it intended to move for a protective order in this case, and presented a [Proposed] Protective Order in support thereof. The government provides no bases to restrict Ms. Sosa from receiving any information, and provides no bases to believe she poses any threat to any person. Moreover, the government provides no authority to support this restrictive Order, which includes (among other unlawful and overburdensome conditions) requirements that (1) Ms. Sosa provide to the government her counsel's assessment of discovery reviewed pursuant to the [Proposed] Protective Order, *see* CR 232 at 4:2-4, (2) precludes Ms. Sosa from copying her notes or typing them into files to be stored by her counsel, *id.* at 3:18-27, and (3) converts information Ms. Sosa has obtained already and may obtain in the future from sources other than the government into "protected information" subject to restriction, *id.* at 2:13-14, 4:19-24, 7:24-27.[1] In support of its proposal, however, the government does not present any motion, as if the discussion of any its purported factual support for this Order or the presentation of any governing statute, rule, or case law, would itself lead to some unknown harm against some unknown person.

So too, while the government's Notice addresses "identifier" information, the government's discovery production redacts far more than "identifier" information, redactions the government opts not to support in its [Proposed] Protective Order. The Court should thus Order the government to provide in unredacted form all discovery previously produced, but redacted in part, where those redactions that do not address "identifier" information.

////

---

[1] This restriction would restrict Ms. Sosa from making use of her knowledge of Jaime Martinez's identity, or from typing that identity into notes, or from even writing this footnote. Indeed, without citation to any authority whatever, the government's [Proposed] Order requires that any defendant's investigation—even if that defendant foregoes obtaining materials under the government's [Proposed] Protective Order—is subject to restriction by this Court. CR 323 at 7:24-27.

1    For these reasons, Ms. Sosa objects to and opposes the government's Notice and
2 [Proposed] Protective Order. Absent bases supporting non-disclosure to Ms. Sosa, and absent
3 authority permitting the Court to restrict information Ms. Sosa obtains through her own
4 investigation, there is no lawful basis to impose these limitations upon Ms. Sosa while she
5 prepares and presents her defense in this case.  Moreover, requiring Ms. Sosa to review more
6 than 25,000 pages of discovery at the Office of the United States Attorney is unduly burdensome
7 and makes unworkable the current schedule set in this matter.  More directly, if Ms. Sosa
8 (through her counsel) may be trusted to abide the terms of the [Proposed] Protective Order after
9 taking notes while at the Office of the United States Attorney, there is no reasoned basis to
10 restrict her counsel from receiving these materials directly—subject to reasonable
11 restriction—and to review them in counsel's office.  Indeed, the government's agreement to
12 provide those materials 21 days before trial, *id*. at 16-23, demonstrates that its [Proposed]
13 Protective Order is structured to obtain for the government tactical advantages on the eve of trial
14 rather than meet solely its claimed "witness security" goals.  Finally, to the extent the Court finds
15 appropriate any restrictions requested by the government with respect to Ms. Sosa, she requests
16 disclosure of all potential witnesses 120 days before trial so that she may have adequate time to
17 prepare for trial of this cause.

Respectfully submitted,

DATED: May 27, 2009                    COLEMAN & BALOGH LLP


*/s/ E A Balogh*
By: ETHAN A. BALOGH
225 Bush Street, Suite 1600
San Francisco, CA 94104

Attorneys for Defendant
JUDITH SOSA