JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6758
    Facsimile: (415) 436-6753
    E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. S2-CR-08-0730-WHA |
|---|---|---|
| v. | ) ) ) ) | GOVERNMENT'S RESPONSE TO DEFENDANTS' "MOTION TO ENFORCE BRADY V. MARYLAND" |
| IVAN CERNA, et al, | ) ) ) | Date: June 24, 2009
Time: 1:00 pm
Court: Hon. William H. Alsup |
| Defendants. | ) ) ) | |

    The Government respectfully submits this response to the motion of the defendants[1] to compel the Government "enforce" Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. This motion should be denied because it is simultaneously pre-mature, moot, and utterly specious.

**Background**

    Most of the defendants in this case are charged with racketeering-related offense arising

---

[1] Although this motion was filed in the name of Judith Sosa, it specifically included most, if not all, of the defendants as movants, and so the Government will simply refer to the motion as the defendants' motion.

RESP. TO MOTION TO "ENFORCE" BRADY

from their participation in *La Mara Salvatrucha*, a transnational gang also known as "MS-13." Some of the defendants are charged only with narcotics trafficking, some are charged only with attempted exportation of a stolen vehicle, and one is charged only with firearms related conduct.

In response to the Court's directive at the March 17, 2009 status conference, the Government subsequently filed a notice indicating that the Government considers only Immigration and Customs Enforcement ("ICE") and the Federal Bureau of Investigation ("FBI") to be its agents for purposes of its disclosure obligations under Brady. The Government also indicated that it "understands its obligations under Brady and its progeny and has been complying, and will continue to comply with these obligations."

## Discussion

The defendants have filed a rather Quixotic motion in which they ask the Court to "enforce" Brady. Under Brady, the Government is obligated to produce exculpatory information in time for effective use by the defense at trial. Failure to comply with this obligation violates due process if three elements are met: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensured." United States v. Price, __ F.3d __, 2009 WL 1408117, at * 5 (9th Cir. May 21, 2009) (citing Strickler v. Greene, 527 U.S. 263, 281-82 (9th Cir. 1999)).

As the Government advised defense counsel in its discovery letters, as well as advised the Court at the March 17, 2009 status conference and in its subsequent notice of agency, the Government understands its Brady obligations and has been complying and will continue to comply with them. In other words, the Government will produce to the defense any Brady material that comes to its attention. In addition, although the Drug Enforcement Administration ("DEA") played a supporting role in what is largely an ICE investigation, the Government hereby amends its notice of agency by including the DEA as one of its agents for Brady purposes.

Moreover, although it has no legal obligation to do so, the Government voluntarily has and will continue to make inquiries to additional entities — notably state and local agencies — for any Brady material as well and will disclose any such material that is brought to the

Government's attention, even though these additional entities are not the Government's agents under Brady. Accordingly, the defendant's motion to "enforce" Brady is moot and should be denied.

The Government would emphasize, however, that its obligation to seek Brady material from non-agent entities is limited in this case, where — although some of the evidence that the Government will rely upon was gathered by local law enforcement agencies, and although federal and state law enforcement officials (including the U.S. Attorney's Office and local district attorney's offices) necessarily communicated about their cases — the underlying local investigations were conducted independent of any Government direction.[2] Notably, there were no formal federal-local task forces at work, nor did the Government direct the activities of local law enforcement agencies. Thus, the Government deems these state and local law enforcement entities — being the arms of a separate sovereign working in their own interests — not to be agents of the Government for purposes of Brady, a view that has been explicitly and repeatedly upheld by the Ninth Circuit. See, e.g., United States v. Shyrock, 342 F.3d 948, 983-84 (9th Cir. 2003) (holding that failure to disclose California Department of Corrections debriefing of Government witness not a Brady violation because the "CDC is a state agency and the government in this case did not have access to its files" and even "assuming that the government did have access to the debriefing, the knowledge requirement is not satisfied" because uncontested evidence indicated that Government did not know whether debriefing took place); United States v. Dominguez-Villa, 954 F.2d 562, 566 (9th Cir. 1992) (holding that the Government is under no duty to "review state law enforcement files not within its possession or control"); United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) (same); see also United States v. Velte, 331 F.3d 673, 680 (9th Cir. 2003) (in prosecution for setting fire to federal land, holding that prosecution's failure to turn over weather information from government weather

---

[2] Indeed, because this case was the result of an ICE-led investigation, the SFPD's cooperation and involvement, until relatively recently, was limited by San Francisco's so-called "sanctuary city" policy of 1989. See, e.g., http://www.washingtonpost.com/wp-dyn/content/article/2008/07/02/AR2008070203532.html (July 3, 2008 Washington Post article reporting reexamination of San Francisco's sanctuary city policy).

RESP. TO MOTION TO "ENFORCE" BRADY          3

station was not violation under Brady because there was "no connection between the prosecutor and" the weather station); cf. United States v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998) ("knowledge on the part of persons employed by a different office of the government does not in all instances warrant the imputation of knowledge to the prosecutor, for the imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt a monolithic view of government that would condemn the prosecution of criminal cases to a state of paralysis").

The defendants' sweeping claim that *any* agency that has provided *any* piece of evidence that the Government might use at trial should be deemed an agent of the Government under Brady is simply wrong. Local and state agencies are not under the control of the Government, and the defendants concede as much by suggesting that the Government should issue *subpoenas duces tecum* — in other words, *Court-ordered* compulsory process to which the defendants have equal access, and of which the defendants themselves have availed — to ensure compliance with Brady.

In sum, the Government once again states that it understands its Brady obligations and will continue to comply with them. It will produce to the defense any Brady material that comes to its attention for effective use at trial, regardless of the source of such materials. It will also *voluntarily* make inquiries of entities in addition to ICE, the FBI, and the DEA for any Brady material, even though such entities — notably state and local agencies — are not in the control of the Government and, thus, are not agents of the Government for purposes of Brady. The Government will not, however, engage in a fishing expedition by seeking to review any and all files of such non-agency entities because any such records are beyond the Government's possession and control. Indeed, compelling the Government to undertake such a review has been reversed by the Ninth Circuit. See United States v. Herring, 83 F.3d 1120, 1122 (9th Cir. 1996) (reversing pre-trial district court order based on Kyles v. Whitley, 514 U.S. 419 (1995), requiring prosecutor personally to review law enforcement personnel files for Brady material). Moreover, the defendants — through the Court's subpoena power — have the same access to these same

//

materials as the Government.³

Finally, the defendants ask the Court to dismiss the pending indictment as an alternative remedy to "enforc[ing]" Brady. This claim is utterly specious and entirely pre-mature. "A court may dismiss an indictment under its supervisory powers only when the defendant suffers substantial prejudice and where no lesser remedial action is available." United States v. Chapman, 524 F.3d 1073, 1087 (9th Cir. 2008) (internal quotation marks and citations omitted). Here, the defendants have failed even to allege any sort of Brady violation, let alone establish one. Indeed, given that the trial in this case is approximately one year away, they cannot possibly establish any prejudice at this stage in the proceedings.

## Conclusion

For the foregoing reasons, the defendants' motion to "enforce" Brady should be denied.

Respectfully submitted

JOSEPH P. RUSSONIELLO
United States Attorney

By:    /s/
W.S. Wilson Leung
Assistant United States Attorney

---

³The motion for a Rule 17 subpoena submitted by Erick Lopez requests the appointment of a magistrate judge to review any subpoenaed materials and — without citing any authority — also seeks to exclude the Government from accessing the material. Under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), however, the more typical procedure is for the Court to review any such material *in camera* with the assistance of the Government to determine whether any of it should be disclosed, and the Government would ask the Court to adhere to this well-established practice.

RESP. TO MOTION TO "ENFORCE" BRADY                5