MARTIN SABELLI
Law Offices of Martin A. Sabelli
584 Castro Street #851
San Francisco, CA 94114
(415) 796-2430
(415) 520-5810 (Facsimile)
msabelli@comcast.net

JOHN GRELE
Law Offices of John R Grele
703 Market St., #550
San Francisco, CA 94103
tel: (415) 348-9300
fax:: (415) 348-0364

STEPHANIE M. ADRAKTAS
P.O. Box 424015
San Francisco, CA 94142
(415) 699-1507
(415) 324-8285 (Facsimile)

Attorneys for Defendant
GUILLERMO HERRERA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GUILLERMO HERRERA, *et al.*,<br><br>Defendants. | Case No. CR 08-0730 WHA<br><br>**DEFENDANT GUILLERMO HERRERA'S MEMORANDUM RE SEALING SUBPOENAS DUCES TECUM AND PROHIBITION ON DISCLOSURE OF CONTENTS OF DEFENSE SUBPOENAS** |

**INTRODUCTION**

In response to the Court's tentative response and request for briefing issued June 8, 2009, Defendant Guillermo Herrera, submits the following memorandum of authorities under which the Court may order the San Francisco Police Department not to disclose the contents of the defense Rule 17(c) subpoenas duces tecum to the government. Mr. Herrera joins in the

memorandum submitted by co-defendant Flores on June 17, 2009 (Docket No. 389) arguing that this Court may seal the list of items attached to the subpoena (the producement) as well as the return.  We also join in the joint defense submissions as to admissibility of the subpoenaed records and the response to the motion to quash.  However, as set forth in more detail below, Mr. Herrera contends that a testimonial response to the subpoenas duces tecum is necessary.  Because the government may well pursue the death penalty in this case, reliance on informal proceedings for compliance with the subpoenas is inadequate under the Sixth and Eighth Amendments.

In addition, under the authorities set forth in more detail below, this Court may issue a temporary order sealing the subpoenas duces tecum and prohibiting witnesses from discussing the contents of those documents with the government.

**DISCUSSION**

As argued by defendant Flores, disclosure of the producement and return would reveal the defense strategy and would violate the defendant's rights under the Sixth Amendment. Additional authorities support an order sealing and protecting all of the records and information associated with the *ex parte* subpoenas duces tecum because failure to do so forces the defendant to waive work product protections in order to exercise his Sixth Amendment rights.  *U.S. v. Beckford,* 964 F.Supp. 1010, 1015 (E.D. Va. 1997) describes the "Hobson's choice" an indigent defendant faces when he seeks a Rule 17(c) subpoena duces tecum prior to trial.  If documents that reveal defense strategy are not kept *entirely* secret, the defendant is forced to choose between waiving his work product privileges or exercising his Sixth Amendment right to counsel.  *Id*. Like the defendant in *Beckford*, Mr. Herrera faces a capital charge and disclosure of the contents of the subpoenas would reveal work product concerning his mitigation defenses.

Likewise, in an unpublished decision, the court in *United States v. Johnson*, 2004 WL 877359 (E.D.La. 2004) sealed the applications in support of a Rule 17(c) subpoenas duces tecum as well as the subpoenas themselves because disclosure of those records would have revealed confidential work product and violated the defendant's Sixth Amendment rights in a capital case. The same concerns support sealing those records and issuing a protective order precluding disclosure of their contents while this case is pending.

The fact that subpoenas duces tecum will be served on arguably adverse witnesses does not waive work product protection because, unlike the attorney client privilege, not all disclosures to third parties waive the confidentiality of work product. *United States v. AT&T*, 642 F.2d 1285, 1299 (D.C. Cir. 1980); *see also Rockwell Int'l Corp. v. Dep't of Justice*, 235 F.3d 598, 605 (D.C. Cir. 2001).

Accordingly, this Court should seal the defense subpoenas duces tecum, the return and producements and issue a protective order barring the witnesses from disclosing the contents of those records to the government.

**The First Amendment Does Not Preclude A Court From Issuing a Protective Order Barring Witnesses From Discussing Privileged and Constitutionally Protected Material While A Case is Pending**

The Court's tentative response argues that a recipient of a subpoena is not "automatically" duty bound to remain silent about the contents of a subpoena. That is certainly correct, but this Court can and should issue an order requiring them to do so. As set forth in more detail above, disclosure of the records or their contents will reveal information protected by the Sixth Amendment and the work product privilege. In this capital case, those interests outweigh the First Amendment interests of the witnesses to discuss the contents of the records with the government. *See Butterworth v. Smith*, 494 U.S. 624, 632-633 (1990) *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984) (protective order barring disclosure of information gained through discovery process "does not raise the same specter of government censorship that such control might suggest in other situations" [citation omitted]).

In *Butterworth*, the Supreme Court upheld a Florida statute that temporarily banned grand jury witnesses from disclosing the contents of their testimony while the grand jury investigation was pending. The Court reasoned that the need for grand jury secrecy during that discrete period outweighed the witness's First Amendment right to discuss the subject matter of his testimony. *Id* at 629, 636.

In *Butterworth*, a reporter who had testified before a grand jury sought relief from a Florida statute that banned him from discussing the subject of his testimony with others. *Id* at 629. He sought to publish a news story about the subject matter of his testimony and filed suit

for relief from the statute's restriction on his First Amendment right to freedom of the press. *Id* at 628. The Court upheld the portion of the statute restricting discussion of grand jury testimony about a pending investigation and held that the reporter's First Amendment interest in discussing those subjects *during* the grand jury investigation was outweighed by the government's interest in secrecy. *Id* at 629, 636.

The SFPD's interest in conferring with the government as a litigation tactic is less important than the First Amendment right to press freedom at issue in *Butterworth*. The SFPD has an obvious tactical reason to discuss the contents of the defense subpoenas with counsel for the United States because they share a common goal of investigating and prosecuting the defendants. However, it is well settled that a court may restrict speech of those within its jurisdiction during the course of litigation without violating the First Amendment. *E.g., Levine v. District Court*, 764 F.2d 590, 595 (9th Cir. 1990)(district court may restrict speech of "trial participants" *citing Shepard v. Maxwell*, 384 U.S. 333, 360-63 (1963)). Service of the defense subpoenas duces tecum on the SFPD will bring them within the jurisdiction of the court. Like all trial participants, their speech may be restricted by a court order.

Moreover, punishing speech that violates such orders does not implicate the First Amendment. *E.g, United States v. Fullbright*, 105 F.3d 443, 452 (9th Cir. 1997) *overruled on other grounds by United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007) (the First Amendment is not implicated when speech is unlawful). Accordingly, if this Court issues an order that prohibits the SFPD from discussing privileged material while this matter is pending, the SFPD could not raise a First Amendment defense to contempt charges for violating the order *Id*; *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 fn21 (1981) (noting that "a court often finds it necessary to restrict the free expression of participants, including counsel, witnesses, and jurors); *Rhinehart, supra*, 467 U.S. 20 at 32-33, fn18 ("this Court has approved restriction on the communications of trial participants where necessary to ensure a fair trial for a criminal defendant" [citations omitted]).

Finally, the United States Supreme Court clearly endorsed a balancing test when First Amendment rights conflict with the need for secrecy in litigation. *Butterworth v. Smith, supra* at

630-631; *see also Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 551-52 (1976) (advocating a balancing test between First Amendment rights to free speech and Sixth Amendment rights to a fair trial). Here, Mr. Herrera's Sixth Amendment interests in this capital case are at least as compelling as Florida's interest in temporary grand jury secrecy. Moreover, Mr. Herrera's interest in maintaining the confidentiality of material protected under the Sixth Amendment and the work product privilege far outweighs the SFPD's interest in discussing the contents of the defense subpoenas duces tecum.

**The San Francisco Police Department's Suggestion That It Need Not Produce Records in Response to the Subpoenas Duces Tecum Because Some of Those Records May Have Been Produced to the Defense By the Government Violates Mr. Herrera's Right to Compulsory Process in a Capital Case**

Under the Compulsory Process Clause, a criminal defendant has a broad right to obtain trial evidence by subpoena. That right is a crucial part of the Fifth Amendment Due Process right to present a defense at trial [*E.g., Washington v. Texas*, 388 U.S. 14, 18 (1967]] and includes the right to compel the production of documentary evidence. *United States v. Hubbell*, 530 U.S. 27, 54 (2000) *citing United States v. Burr*, 25 F. Cas. 30, No. 14,692d CC Va. 1807).

The subpoenas duces tecum issued in this case require a testimonial response from the custodian of records that the responsive records are complete. The Supreme Court has repeatedly acknowledged in "act of production" cases that producing documents in response to a subpoena duces tecum has a "compelled testimonial aspect." *E.g, U.S. v. Hubbell, supra*, at p. 36. Moreover, one may not avoid the requirements of a subpoena by simply claiming that evidence sought is obtainable elsewhere. *See Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir. 1965), *overruled on other grounds (citations omitted)*. The SFPD's suggestion that reference to a "discovery log" complied by the AUSA is an adequate substitute for the testimonial production of records by the custodian is incorrect.

In this case, San Francisco Police Department's ("SFPD's) legal counsel has suggested that compliance with the defense subpoenas duces tecum may be unnecessary if responsive records have already been provided by the government to the defense in discovery. The SFPD's suggestion assumes incorrectly that government issued discovery could be an adequate substitute

for the SFPD's testimonial response to a subpoena duces tecum signed by this court.

There is a fundamental constitutional distinction between records produced in discovery and those produced in response to a subpoena. A Rule 17(c) subpoena is not a discovery device. It is the exercise of Mr. Herrera's fundamental right to compel witnesses and evidence. *United States v. Tomison*, 969 F.Supp. 587, 593 (E.D. Cal. 1997). Mr. Herrera is entitled to obtain records by exercise of his Sixth Amendment compulsory process right, because only then can he be assured that the SFPD did a diligent search of its records and produced every page of responsive material.

Even if some of the records produced in discovery are redundant of records responsive to the subpoenas, this Court should order the SFPD to comply with the subpoenas and refuse SFPD's proposal that they may refer Mr. Herrera to a list of records or "discovery log" of material produced by the AUSA in discovery.[1] The AUSA is not the custodian of the SFPD's records and could not testify at trial. Accordingly, his or her effort to provide documents in discovery is inadequate to protect Mr. Herrera's right to compel testimonial production of those records under the Sixth Amendment.

There are other reasons that resort to a discovery log is an inadequate substitute for testimonial production of records compelled by subpoenas. Mr. Herrera can be certain that records provided in response to the subpoenas duces tecum are complete because the subpoena is enforceable by contempt and criminal sanctions. *Nilvia v. United States*, 352 U.S. 385, 394-395 (1957.) SFPD's voluntary production of records to the government was not made under those conditions and neither was the government's production of records to the defense. At either stage of the document production (from the SFPD to the AUSA and from the AUSA to the defense) mistakes and omissions may have occurred because the production was not testimonial and was not made under the weight of potential criminal prosecution. If SFPD is permitted to substitute reference to a voluntary production of records for a testimonial response to a court

---

[1] Mr. Herrera does not know whether or not a "discovery log" has been produced by the AUSA.

issued subpoena, Mr. Herrera will be deprived of his right to compel witnesses and evidence at trial.

  Likewise, the SFPD has not explained how its record custodians could testify that the records listed on a "discovery log" are the exact same records as those listed in the producement and that no pages were omitted when the AUSA produced those records to the defense.  For all of these reasons, the SFPD's suggestion that its own testimonial response to the subpoenas may be unnecessary if responsive records are listed in a "discovery log" is incorrect.

Dated: June 18, 2009.

         Respectfully Submitted,


         /s/ Martin Sabelli

         _____
         MARTIN SABELLI
         Attorney for Defendant
         GUILLERMO HERRERA