IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN CERNA, et al.,

    Defendants.
                                   /

No. CR 08-0730 WHA

**ORDER REGARDING AUGUST 4 HEARING**

A June 26 order ruled on motions by defendants to enforce *Brady*. The order required non-Jencks *Brady* materials to be produced according to a specified schedule, and it gave counsel for both sides the opportunity to submit any objections to that schedule. Separately, the order also set an evidentiary hearing on the issue of whether the SFPD or other non-federal agencies must be deemed agents within the meaning of *Brady*. Buried in the response of counsel for defendant Herrera to the Courts invitation for comment on the non-Jencks *Brady* disclosure schedule was the following paragraph:

> The conditions of the evidentiary hearing to establish the Government's Brady obligations are insufficient to ensure the fairness of the trial and sentencing proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments. The thirty-one defendants are permitted to call three witnesses as to the scope of interactions with numerous entities without a clear notion of who those witnesses should be and, moreover, the defendants lack sufficient information to undertake anything but exploratory cross-examination of the Government witnesses.
>
> For these reasons, Mr. Herrera respectfully suggests that Brady and its progeny require not only that particular sources or agencies be mined with proportionate vigor, but that the Government exercise proportionate vigor in identifying sources of information in the possession of the agencies in question. Mr. Herrera also requests that this Court direct the United States to identify, exhaustively, which ICE, FBI, DEA, ATF and federal-prosecutorial agents requested which information from which entities, and which local/state agents or TAG and PCN

> agents participated in these explorations so that the defense might subpoena the appropriate witnesses for the evidentiary hearing in this matter. Knowing these agents is necessary for an effective preparation for, and presentation of, evidence; otherwise, the witnesses subpoenaed will likely prove to be incomplete source of information unable to address questions of access, control, vigor, organization of materials, and scope.

This was not the proper way to bring up this issue because it was more time sensitive than the primary subject of the filing. The Court has just discovered the request. Nonetheless, the request is **DENIED**. It amounts to a request for a Court-ordered interrogatory requiring the government to turn over vast amounts of information. The whole point of the August 4 hearing was to allow defendants the opportunity to provide evidence in support of their effort to prove that SFPD is a lead investigative agency. Defendants are not entitled to the broad Court-ordered interrogatory requested by defendant for that purpose. The August 4 hearing will go forward as scheduled.

**IT IS SO ORDERED**.

Dated: July 29, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE