RONNIE M. WAGNER State Bar #221461
SFPD Legal Division Attorney
San Francisco Police Department
850 Bryant Street, Room 575
San Francisco, California 94103
Telephone: (415) 553-1147
Facsimile: (415) 553-1999
E-Mail: Ronnie.wagner@sfgov.org

Attorney for
SAN FRANCISCO POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | Case No. CR08-0730 WHA |
|---|---|
| Plaintiff, | (~~PROPOSED~~) **PROTECTIVE ORDER**<br>Joldic/Ng Investigative Files |
| v. | |
| IVAN CERNA, et al,<br>GUILLERMO HERRERA, | |
| Defendants. | |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than defending this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

1) The San Francisco Police Department asserts that general dissemination of certain "Protected Material" may jeopardize the safety of certain individuals and/or violate third party rights of privacy.

2) The term "Protected Material" applies to any and all materials that disclose or reasonably suggest the identity or whereabouts of witnesses, victims or third parties, including social security numbers, dates of birth, driver's license numbers, and other such personal information.

1

3) In order to address these potential safety concerns, dissemination and possession of the Protected Material shall be limited to the following persons:

   a) counsel for defendants in the above-captioned matter;

   b) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by counsel for the defendants;

   c) independent expert witnesses, investigators, translators, or advisors retained by the defendants in connection with this action; and

   d) such other persons as hereafter may be authorized by the Court upon motion by a defendant.

Counsel for each defendant shall provide a copy of this order to persons designated to obtain Protected Material pursuant to paragraphs 2(b)-(d). Such designated persons shall be subject to the terms of this Order. Counsel and such designated persons working with counsel shall be responsible for ensuring that the Protected Material not be disseminated to and/or possessed by anyone not authorized by this protective order to receive or possess the Protected Material. Written translations of Protected Material shall be deemed Protected Material and shall be handled according to the provisions of this order.

4) Possession and use of the Protected Material by the persons listed in paragraphs 2(a)-(d) are only for the purpose of preparing for and trying the criminal case of the defendants, and for no other purpose.

5) Other than use during the trial of the defendants, the Protected Material shall not be distributed, shown, or disseminated to anyone else, including counsel for the other defendants charged in the underlying case captioned CR-08-0730 WHA and/or to any witness or potential witness, nor shall the Protected Material be distributed, shown, or disseminated to anyone during the course of any defense investigation. Beginning 21 days before trial, defendants may review Protected Material in the presence of counsel or of any other person designated under paragraphs 2(b)-(d), but Protected Material shall not be left in the custody of any defendant. Beginning 21 days before trial,

review of Protected Material by defendants in the presence of counsel or other designated persons may be conducted with the aid of an interpreter. Unless the interpreter is a designated person under paragraph 2 of this protective order, the interpreter shall not retain possession of any Protected Material outside the presence of counsel or other designated person. Prior to 21 days before trial, defendants may not review Protected Material; however, the persons listed in paragraphs 2(a)-(d) may discuss Protected Witnesses with defendants provided that the persons listed in paragraphs 2(a)-(d) do not disclose that the Protected Witnesses are or may be government witnesses at trial. Nevertheless, during these discussions, the persons designated under paragraphs 2(a)-(d) shall not disclose personal identification information of Protected Witnesses—such as address, telephone number, date of birth, and social security number—other than the Protected Witness's name to the defendant.

6) At the end of the trial of any defendant, counsel for such defendant shall return all the Protected Material, and any and all copies of the Protected Material, to the S.F.P.D., which will preserve the materials in case there is need for them in any future litigation.

IT IS SO STIPULATED, BY COUNSEL OF RECORD.

DATED: February 11, 2011 _____/s/_____
MARTIN A. SABELLI, Esq.,
Attorney for Defendant Guillermo Herrera

DATED: February 11, 2011 _____/s/_____
RONNIE M. WAGNER, Esq.
Attorney for SFPD

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 11, 2011. _____
HONORABLE WILLIAM H. ALSUP,
UNITED STATES DISTRICT JUDGE

3