MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
WIL FRENTZEN (LABN 24421)
Assistant United States Attorneys

THERYN G. GIBBONS (NYBN 4612867)
Trial Attorney, United States Department of Justice, Gang Unit

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6758
Facsimile: (415) 436-6753
E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>IVAN CERNA, et al.,<br><br>Defendants. | No. S3-08-CR-0730-WHA<br><br>GOVERNMENT'S MEMORANDUM OF LAW REGARDING ADMISSIBILITY OF GOVERNMENT EXHIBIT 577 |

The Government respectfully submits this Memorandum to address the issue of the admissibility of Government Exhibit 577, a .357 magnum Smith & Wesson revolver that was recovered on September 18, 2008, by ICE agents from Dolores Park in an area in which MS-13 members were loitering. Over the past several weeks of trial:

1. Abraham Martinez testified that the 20th Street Clique of MS-13 kept firearms stashed in the "neighborhood" (Tr. 2136) and that the gang claimed Dolores Park as its territory (Tr. 1951).

2. Sergeant Mario Molina testified that in 2007 and 2008, MS-13 members began hanging out in Dolores Park. (Tr. 3607)

3. Special Agent Jason Red testified that on September 18, 2008, he observed individuals he had encountered before hanging out near a footbridge in Dolores Park, including Rony Aguilera and Danilo Velasquez. (Tr. 3701-02) Abraham Martinez had previously identified Danilo Velasquez as a member of the 20th Street Clique. (Tr. 2021; GX 1162 (photograph of Velasquez))

5. Agent Red testified that after Velasquez, Aguilera, and the other individuals under surveillance had been field interviewed and left Dolores Park, another ICE agent searched under the footbridge where Velasquez and his companions had been and found the .357 magnum Smith & Wesson revolver now offered as Government Exhibit 577. (Tr. 3701-03)

The Government respectfully submits that, given this present record, Government Exhibit 577 should be received into evidence. As the Court has already held in response to the (repetitive and frivolous) defense objections to the admission of Veronica Hernandez's so-called "poem" expressing hatred for "busters," the defendants need not have been aware of an item of evidence in order to have that item be admitted against them. Indeed, any issue relating to the lack of so-called "connection" between the defendants and the proffered firearm goes to weight, not admissibility. See, e.g., United States v. Sarmiento-Perez, 724 F.2d 898, 900 (11th Cir. 1984) ("Proof of the connection of physical evidence with a defendant goes to the weight of the evidence rather than its admissibility."); United States v. Kubiak, 704 F.2d 1545, 1552 (11th Cir. 1983) ("The appellant contends that the sample of marijuana taken by a government witness from one of the boats used in the criminal activity was improperly admitted into evidence over objection. He claims the government failed to introduce evidence connecting the marijuana to him. It is clear that connection of physical evidence with a defendant may be shown by circumstantial evidence. Further, we have consistently held that proof of the connection goes to the weight of the physical evidence rather than its admissibility.") (internal quotation marks and citations omitted); United States v. Brewer, 630 F.2d 795, 802 (10th Cir. 1980) (explaining that

"identification of physical evidence, and its connection to a particular defendant, may be shown through either circumstantial or testimonial evidence . . . .lack of possible identification, or proof of connection, affects the weight of the evidence rather than its ultimate admissibility once the preliminary issue of admissibility is determined")[1]; United States v. Soto, 591 F.2d 1091, 1099-1100 (5th Cir. 1979) (rejecting appellant's claim that lack of connection between him and bales of marijuana found floating in water precluded marijuana's admission and holding "[i]t is clear that connection of physical evidence with a defendant may be shown by circumstantial evidence. Furthermore, proof of the connection goes to the weight of the physical evidence rather than its admissibility.") (citation omitted); see also United States v. Mendel, 746 F.2d 155, 167 (2d Cir. 1984) ("Proof of the connection of an exhibit to the defendants may be made by circumstantial evidence. And the prosecution need only prove a rational basis from which to conclude that the exhibit did, in fact, belong to the appellants.") (citation omitted).

Accordingly, the Government respectfully submits that the present record suffices for the admission of the firearm marked as Government Exhibit 577.

DATED: April 19, 2011

Respectfully submitted,

MELINDA HAAG
United States Attorney

By: /s/
W.S. WILSON LEUNG
WIL FRENTZEN
Assistant United States Attorneys

THERYN G. GIBBONS
Trial Attorney

[1] The Tenth Circuit's decision in Brewer was cited in an unpublished Ninth Circuit case. See United States v. Dessens-Fimbres, 1993 WL 51201, at *11 (9th Cir. Feb. 26, 1993). In addition, in another unpublished decision, the Ninth Circuit has similarly held that "[t]he strength of the connection established by the Government affects the weight of the evidence but not its admissibility." United States v. Triplett, 1988 WL 82817, at *5 (9th Cir. Aug. 2, 1988).