IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

GUILLERMO HERRERA, *et al*.

          Defendants.

_____/

No. CR 08-0730 WHA

**ORDER RE REQUEST FOR JUDICIAL
NOTICE BY DEFENDANT HERRERA**

      After considering the critiques to the Court's proposed language for judicial notice regarding defendant Guillermo Herrera's prior eligibility for the death penalty, as well as all prior briefing and oral argument on the issue, the Court will read to the jury the judicial notice appended hereto if and when requested by counsel for defendant Guillermo Herrera.

      **IT IS SO ORDERED.**

Dated: July 14, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**JUDICIAL NOTICE LANGUAGE**

The original indictment was issued by the grand jury in October 2008. It charged 29 individuals with various crimes. One of the defendants then charged was Guillermo Herrera. He was charged with murder in aid of racketeering, in violation of 18 U.S.C. 1959(a)(1). Specifically, the indictment alleged that on or about July 11, 2008, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, Guillermo Herrera, together with others known and unknown, unlawfully, knowingly, and intentionally did deliberately and with premeditation murder Armando Estrada, in violation of the California Penal Code.

In the original indictment, Mr. Herrera was the only defendant yet charged who could have potentially faced a death penalty trial, but this was contingent on subsequent decision making by the United States Attorney and the Department of Justice. To pursue the death penalty against Mr. Herrera, the United States Attorney and the Department of Justice would have had to file a statutory notice of intent to seek the death penalty, which they elected not to do.

In September 2009, the grand jury returned a superseding indictment. This is the superseding indictment on trial now. It expanded the number of counts in the indictment and the number of defendants against whom the death penalty might be sought. As I explained before, however, any pursuit of the death penalty was contingent upon the filing of a statutory notice. Again, this was never done.

No statutory notice of intent to seek the death penalty has ever been filed against any defendant in this case. No defendant could ever be subject to the death penalty based on your verdict in this case.