IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUILLERMO HERRERA, *et al.*<br><br>Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**ORDER DENYING APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING OLIVER MAROTA'S MOTION TO QUASH SUBPOENAS** |

As stated during the July 18 proceedings, defendant Guillermo Herrera's application for leave to file a motion for reconsideration of the order quashing subpoenas *duces tecum* served on counsel for Witness Oliver Marota is **DENIED** (Dkt. No. 4747).

Reconsideration is warranted when an application for leave to file a reconsideration motion specifically shows that: (1) a material difference of fact or law exists from what was previously presented *and the party applying for reconsideration did not know of the difference of fact or law despite reasonable diligence*; (2) since the original order, new material facts or law have emerged; or (3) there was a manifest failure by the district court to consider material facts or dispositive legal arguments *which were presented to it*. Criminal L.R. 2-1; *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The application argues that reconsideration is appropriate because counsel was unaware that the subpoenaed materials contained work-product protected materials and counsel accordingly did not know a ruling may be made based on the work-product doctrine. This

assertion is not borne out by the record. The motion to quash specifically argued that the subpoenas should be quashed because the work product protection had not been waived (Dkt. No. 4720 at 7–10). Indeed, defendant Herrera's written "response" to the motion (filed as a separate motion to compel) argued that a voluntary waiver of the attorney-client privilege automatically effectuates a waiver of the attorney work-product protection and provided authority purportedly in support of this proposition (Dkt. No. 4724 at 8–9). This argument was fully considered but ultimately rejected (Dkt. No. 4737). Counsel cannot now re-litigate the matter based on arguments he failed to present despite the opportunity to do so. The original order will not be reconsidered.

**IT IS SO ORDERED.**

Dated: July 20, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE