1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   UNITED STATES OF AMERICA,              No. CR 08-0730 WHA
11              Plaintiff,
12      v.                                  **ORDER DENYING APPLICATION
                                            FOR LEAVE TO FILE MOTION FOR
13   GUILLERMO HERRERA, *et al.*            RECONSIDERATION OF ORDER RE
                                            ADMISSIBILITY OF DH 188**
14              Defendants.
                                      /
15

16        As stated during the July 26 proceedings, defendant Guillermo Herrera's application for

17   leave to file a motion for reconsideration of the order denying admission of the portion of DH

18   188 for which no sponsoring witness was present is **DENIED** (Dkt. No. 4806).

19        Reconsideration is warranted when an application for leave to file a reconsideration

20   motion specifically shows that: (1) a material difference of fact or law exists from what was

21   previously presented and the party applying for reconsideration did not know of the difference

22   of fact or law despite reasonable diligence; (2) since the original order, new material facts or

23   law have emerged; or (3) there was a manifest failure by the district court to consider material

24   facts or dispositive legal arguments which were presented to it.  Criminal L.R. 2-1; *School Dist.*

25   *No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

26        The application argues that reconsideration is appropriate because counsel "could not

27   have anticipated" the factors developed by the Court in evaluating whether a recording was

28   properly authenticated.  This does not warrant reconsideration of the prior order.  As the

1    application acknowledges, the Court's criteria was based on factors articulated by case law.

2    Moreover, the Court provided all parties with multiple opportunities to brief and argue what

3    criteria must be satisfied before a recording is authenticated.  Indeed, the Court's criteria was

4    strongly influenced by the defense's vehement objections to the admission of government

5    recordings for which no sponsoring witness was present — objections which were joined by

6    defendant Herrera (Dkt. No. 4464).  Well before defendant Herrera filed his original motion to

7    admit portions of DH 188, all parties were apprised of the criteria the Court found to be

8    significant in determining authenticity and the defense was repeatedly told that the criteria

9    would apply in equal force to the government and the defense.

10          The application's argument that the prior order supports admission of the requested

11   portion of DH 188 is similarly non-compelling.  Nor does the calculus change because the

12   portion sought to be admitted is brief.  The fundamental problem with the requested portion

13   remains the same — no sponsoring witness was present for the portion of the recording sought

14   to be admitted (Tr. 15164).

15          The application fails to articulate any basis to reconsider the original order regarding the

16   admissibility of the portion of DH 188 for which no sponsoring witness was present.  The

17   original order will not be reconsidered (Dkt. No. 4674).

18

19          **IT IS SO ORDERED.**

20

21   Dated:  July 27, 2011.

22                                                        WILLIAM ALSUP
                                                          UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28