IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST FOR JUDICIAL NOTICE RE: MANUEL FRANCO AND GIOVANNI HERNANDEZ** |
| GUILLERMO HERRERA, *et al*. | |
| Defendants. | |

Defendant Guillermo Herrera requests that judicial notice be taken of certain "facts" regarding two of his codefendants who are not currently on trial (Dkt. No. 4785). For the reasons stated herein, the request is **DENIED**.

*First*, defendant Herrera requests judicial notice that Manuel Franco was charged in the above-captioned matter but is currently awaiting trial and therefore "legally unavailable" to testify in the instant trial" as no defendant may "call him as a witness in their defense." In effect, this is a request for judicial notice of a legal conclusion regarding whether Mr. Franco may properly assert the Fifth Amendment privilege as to all issues so that the defense would be barred from even attempting to call him. Judicial notice, however, is only appropriate when a fact is "not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Counsel's conclusion that Mr. Franco is legally unavailable is not appropriate for

judicial notice. This conclusion is not generally known or capable of determination by resort to sources whose accuracy cannot reasonably be questioned.

*Second*, defendant Herrera requests judicial notice of facts Giovanni Hernandez agreed to as part of his plea agreement with the government. Specifically, defendant Herrera seeks notice that on July 11, 2008, Mr. Hernandez met with members of the 20th Street Clique in Oakland and learned that a 20th Street member had used a shotgun to kill a niero earlier that day in the Mission District. Thereafter, Mr. Hernandez purportedly traveled around Oakland with other gang members disposing of evidence related to the shooting, including a van that he understood was used in the shooting. Notably, defendant Herrera does not seek judicial notice that defendant Hernandez *agreed to* these facts as part of his plea agreement. Instead, he seeks judicial notice of the "facts" stripped from the context in which they were made. No judicial notice will be taken of these requested items. Mr. Hernandez's purported thoughts and actions on July 11, 2008, are not appropriate for judicial notice. These thoughts and actions are not generally known or capable of determination by resort to sources whose accuracy cannot reasonably be questioned. Indeed, numerous plea agreements in this case have only been admitted subject to the redaction of such facts.

**IT IS SO ORDERED.**

Dated: July 27, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2