UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUILLERMO HERRERA,

    Defendant.

No. CR 08-00730-5 WHA

**ORDER RE MOTION FOR EXTENSION OF TIME TO FILE SECTION 2255 PETITION**

Petitioner Guillermo Herrera moves for an extension of time to file a post-conviction petition for collateral review (Dkt. No. 6880). *See* 28 U.S.C. § 2255. He has not yet filed.

Section 2255(f) provides that a defendant may file a motion for relief from a judgment of conviction within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Neither the Supreme Court nor our court of appeals has addressed whether the district court may consider a motion for extension of time to file a Section 2255 petition when the petition has not yet been filed. The Courts of Appeals for the Second, Fourth, Fifth, Sixth, and Eleventh Circuits have all said "no." *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011). These decisions have found that, in such a scenario, the district court lacks a pending case or controversy. Thus, it lacks subject-matter jurisdiction to hear the motion. Various district courts have found the same. *See, e.g.*, *United States v. Ish*, 2021 WL 3037397, at *1 (D. Idaho July 19, 2021) (Judge David C. Nye). An outlier is the Court of Appeals for the Third Circuit, which held that district courts have jurisdiction as the motion for additional time is an extension of the criminal case. *See United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). This order agrees with the plurality of circuits that no case or controversy is pending herein. This deprives the district court of jurisdiction, meaning that the Court is not permitted to consider Mr. Herrera's motion. If Mr. Herrera files a Section 2255 petition, however, a future order may consider argument that his petition should be considered timely. This order does not — to repeat — opine on the merits of any argument about timeliness.

**IT IS SO ORDERED.**

Dated: May 4, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2